```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Bruce Kerner,                    :

         Plaintiff,              :

    v.                           :   Case No. 2:09-cv-1092

                                 :   JUDGE ECONOMUS
ETI Environmental Laboratory,
et al.,                          :
         Defendants.
```

ORDER

This case, involving the alleged destruction of personal property belonging to plaintiffs Bruce and Mindy Kerner, is before the Court to consider the Kerner's second motion for leave to file instanter an amended complaint. This matter has been fully briefed. For the following reasons, the motion (#17) will be granted in part and denied in part as set forth below.

I. Background

This case is a sequel to Case No. 2:04-cv-735, a personal injury and property damage case arising from the application of insecticides at the Kerner's home. In connection with that litigation, the Kerners retained the services of Dr. Robert Simon as an expert witness in the field of environmental and forensic toxicology. The original complaint in this action named Dr. Simon and affiliated entities ETI Environmental Laboratory, and AAA Simon Holding, LLC (collectively, Simon) and Omni Group, Inc. and its president Dennis Markferding (collectively, Omni Group) as defendants. According to the original complaint, the Simon defendants developed a work plan or "work protocol" designed to maximize the salvage of the Kerners' personal property. Part of this protocol included the Kerner's retention of the cleaning and storage services of Omni Group. The original complaint alleges,

in short, the following. Based on the strength of various representations made by Dr. Simon, the Kerners entered into an agreement with the Simon defendants and Omni Group through which ETI would identify whether items of personal property were to be cleaned or destroyed and Omni Group would carry out the cleaning or disposal of these items. The Kerners' personal property has not been returned to them because the defendants destroyed it without permission. In light of these allegations, the original complaint asserts several state law claims including breach of contract, conversion, replevin, fraud, and both the intentional and negligent infliction of emotional distress.

In response to the original complaint, the Simon defendants filed a motion to dismiss arguing, among other defenses, that they were not parties to the contract at issue here. Following the filing of that motion, the Kerners voluntarily dismissed the Simon defendants without prejudice.

The Kerners filed their motion for leave to amend on October 14, 2010 - one day prior to the deadline for filing such motions. That motion was denied without prejudice for failure to comply with Local Civil Rule 7.3 by order dated October 18, 2010. They filed their second motion, the subject of this order, on October 19, 2010. The parties also have filed a joint motion to extend certain case scheduling deadlines.

## II.  The Motion for Leave to Amend

Through their motion for leave to amend, the Kerners again seek to pursue claims against the Simon defendants and to assert additional background allegations and two causes of action. The proposed additional claims, based on information obtained through discovery, include breach of implied-in-fact contract and promissory estoppel. Specifically, the Kerners contend that discovery has revealed an agency relationship between the defendants and has provided additional information regarding the

alleged misrepresentations made in an effort to induce them to retain defendants' services.  The additional background allegations appear to be set forth in the proposed amended complaint at paragraphs 18-22 and 24.

Omni Group opposes the motion, to the extent that it seeks to assert additional causes of action, on grounds of prejudice and futility.  With respect to prejudice, Omni Group argues that it will be required to expend significant additional resources to conduct further discovery.  According to Omni Group, it has already propounded written discovery and conducted the Kerners' depositions and the addition of two new claims would require a duplication of that effort.  Further, Omni Group asserts that it will be required to seek leave of court to pursue any additional discovery which will require preparation of a motion and more resulting expense.  Omni Group contends also that the proposed additional claims address the same topics as the written contract already at issue here making them redundant and creating the potential for jury confusion.

With respect to futility, Omni Group asserts that, because the proposed claims address the same issues as the written contract, these claims are barred by the existence of the written contract and the parol evidence rule.  Further, Omni Group argues that there is no tort liability for breaches of contract and punitive damages are not available for either claim.

In their brief reply, the Kerners contend that their proposed new claims are not redundant.  Further, they acknowledge that a new case schedule will be necessary for additional discovery and that they have no objection to extending the case schedule.  Their agreement with an extension of the case schedule is further reflected in the joint motion filed by the parties on December 16, 2010.

III.  <u>Legal Standard</u>

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

<u>Phelps v. McClellan</u>, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing <u>Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau</u>, 786 F.2d 101, 103 (2d Cir. 1986)). <u>See also Moore v. City of Paducah</u>, 790 F.2d 557 (6th Cir. 1986); <u>Tefft v. Seward</u>, 689 F.2d 637 (6th Cir. 1982).  Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and

confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

## IV.  Analysis

As discussed above, Omni Group's opposition to the current motion rests primarily on grounds of prejudice and futility. Turning first to the prejudice argument, the Court is not convinced that allowing the filing of the proposed amended complaint will result in any undue prejudice to Omni Group. Omni Group's argument with respect to prejudice centers on the potential need for additional discovery. However, the prospect of additional discovery, standing alone, is not sufficient to warrant the denial of a motion to amend. See, e.g., Jackson v. Sedgwick Claims Management Services, Inc., 2010 WL 931864, at *10 (E.D. Mich. March 11, 2010). Moreover, Omni Group has not

demonstrated with any specificity either the additional discovery which will be required to be undertaken or the significant additional resources such discovery will require.  Rather, Omni Group simply asserts in very vague terms that it will need "to propound another set of Interrogatories, propound another set of Requests for Production and redepose plaintiffs."  See Memorandum in Opposition (#18), at 4.  However, given that the proposed new claims address similar issues, involve the same parties, and relate to information already elicited through discovery, it may well be that additional discovery either is not necessary or need not be extensive.  Omni Group simply has made no showing on this issue to persuade the Court otherwise.  Absent such information, the Court is without any basis to make a finding of undue prejudice.

Similarly, to the extent that Omni Group argues that prejudice will result from complexity or jury confusion, again the Court is not persuaded.  The Kerners are seeking to add two additional state law claims and allegations relating to the same scenario giving rise to the original complaint.  Further, these claims and allegations cannot reasonably be construed as complex.  Consequently, the motion for leave to amend will not be denied on grounds of undue prejudice to Omni Group.

Turning to Omni Group's futility argument, there is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted.  A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is

usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.  Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim, or other dispositive motion, may follow.

To state a claim of promissory estoppel under Ohio law, the Kerners must allege "(1) a clear, unambiguous promise; (2) reliance upon the promise by the person to whom the promise is made; (3) the reliance is reasonable and foreseeable; and (4) the person claiming reliance is injured as a result of reliance on the promise." Executone of Columbus, Inc. v. Inter-Tel, Inc., 665 F.Supp.2d 899 (S.D. Ohio 2009).  Further, to state a claim of breach of implied-in-fact contract under Ohio law, the Kerners must allege "that the circumstances surrounding the transaction make it reasonably certain that an agreement was intended." Holmes v. Wilson, 2009 WL 3673015, at *3 (S.D. Ohio October 30, 2009).

In their motion for leave to amend, the Kerners contend that discovery has provided evidence of an agreement (either in addition to, or in clarification of, the written agreement) between Dr. Kerner and the defendants under which they were to contact him prior to disposing of certain property even if it was unsuitable for cleaning.  Further, the Kerners assert an agency

relationship between the Simon defendants and Omni Group based on alleged representations that these defendants were a "team" with Dr. Simon responsible for deciding the appropriate disposition of the Kerners' property and Omni Group responsible for executing his decisions. As further evidence of the relationship between the defendants, the Kerners contend that the Simon defendants threatened to withhold expert witness services until Omni Group was paid for storage services. In short, the Kerners have made a colorable argument that the information they have obtained through discovery - the existence of an additional contract or perhaps additional terms - supports the allegations of their promissory estoppel and implied-in-fact contract claims sufficient to withstand a dispositive motion.

On the other hand, there is no argument to be made that would allow the Kerners to succeed in recovering punitive damages on these claims. Under Ohio law, punitive damages generally are not recoverable on a claim for breach of contract. Further, such damages may not be awarded on a breach of contract claim regardless of motive and "'no matter how willful the breach.'" Chkir v. Brendamour Moving & Storage, Inc., 2009 WL 3756845, at *3 (S.D. Ohio Nov. 6, 2009) quoting Kruse v. Vollmar, 83 Ohio App.3d 378, 386 (1992); see also Harwood v. Avaya Corp., 2007 WL 1598065, at *1 (S.D. Ohio May 31, 2007); Ketcham v. Miller, 104 Ohio St. 372 (Ohio 1922)(a breach of contract action does not become a tort by alleging that the breach was unlawful, willful, wanton, or malicious). This rule applies "'unless the conduct constituting the breach is also a tort for which punitive damages are *recoverable*.'" Harwood, at *1, quoting Lake Ridge Academy v. Carney, 66 Ohio St.3d 376 (Ohio 1993). That is, punitive damages "may be recoverable for a tort committed in connection with, but independently of, the breach of contract." Id. citing DeCastro v. Wellston City School Dist. Board of Educ., 94 Ohio St.3d 197,

201 (Ohio 2002). Similarly, punitive damages are not available on a promissory estoppel claim. Id.; see also Newsom v. Xenia City School Dist. Bd. of Educ., 1996 WL 1089865, at *14 (S.D. Ohio March 25, 1996)("promissory estoppel is merely a substitute theory of recovery on contract claims").

Here, the Kerners have not alleged a related tort independent of the breach of contract. Rather, in their proposed amended complaint, they simply allege in paragraph 21 that the defendants "acted in bad faith." In paragraph 35 they assert that defendants breached "without good cause and in bad faith." Further, in paragraph 38 they aver that the defendants' alleged breach was so "willful or grossly negligent, was attended by such malice, insult, and abuse that it constituted an independent tort ...." Finally, in paragraph 44 they assert that the defendants' conduct was "attended by malice, willfulness, insult, and abuse, thus entitling Plaintiff to recover punitive ... damages ...." As set forth above, such allegations do not support a departure from the general rule that punitive damages are not recoverable for breach of contract.

Under these circumstances, the Court believes that it is a better exercise of discretion to permit the filing of an amended complaint setting forth additional background allegations and claims of breach of implied-in-fact contract and promissory estoppel. However, the Court will not permit any amendment addressed to the recovery of punitive damages with respect to these claims contained in either the background allegations or the claims themselves. Consequently, the motion for leave to amend will be granted to the extent that it seeks to add the additional claims of breach of implied-in-fact contract and promissory estoppel and supporting background allegations. Further, because Omni Group has not raised any opposition, the motion also will be granted to the extent it seeks to include the

Simon defendants.  The motion for leave to amend will be denied to the extent that it seeks to assert allegations attempting to support an award of punitive damages relating to these claims.

## V.  Conclusion and Order

Based on the foregoing, the plaintiffs' second motion for leave to file instanter an amended complaint (#17) is granted in part and denied in part as set forth above.  Plaintiffs shall file a first amended complaint  consistent with this order within seven days.  The joint motion for extension of certain case scheduling deadlines (#20) is granted as follows.  Plaintiffs shall disclose their expert witnesses within thirty days and defendants shall disclose theirs within sixty days.  All discovery shall be completed by March 15, 2011.  Dispositive motions shall be filed by April 15, 2011.

## VI.  Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge