IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE KERNER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ETI ENVIRONMENTAL<br>LABORATORY, et al.,<br><br>    Defendants. | Case No. 2:09-cv-1092<br>Judge Peter C. Economus<br>**OPINION AND ORDER** |

    This matter is before the Court for consideration of Plaintiffs' Motion for Certification of this Court's August 9, 2011 Memorandum Opinion and Order Pursuant to Civ. R. 54. (Doc. # 74.) Defendants Omni Group, Inc. and Dennis Markferding filed a memorandum in opposition (doc. # 76), as did Defendants ETI Environmental Laboratory, AAA Simon Holding, LLC, and Dr. Robert K. Simon (doc. # 78). Plaintiffs filed a reply in support of their motion. (Doc. # 79.) After consideration of the briefings and the applicable case law, this Court **DENIES** Plaintiffs' motion for the following reasons.

**I.    BACKGROUND**

    There is no dispute regarding the relevant procedural history. Plaintiffs Bruce and Mindy Kerner's First Amended Complaint stated numerous claims against all Defendants arising out of a dispute between Plaintiffs and Defendants over the cleanup and storage of Plaintiffs' personal property following a pesticide contamination caused by Terminex International. In their Amended Complaint, Plaintiffs brought claims of breach of contract, breach of implied contract, promissory estoppels, conversion, replevin, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress against all Defendants. In two separate motions, Defendants sought dismissal of nearly all of the

allegations, with the exception of Plaintifs' breach of contract claim against Omni Group. Defendants ETI Environmental Laboratory, AAA Simon Holding, LLC, and Dr. Robert Simon filed their motion on February 24, 2011 (doc. # 34); Defendants Omni Group and Dennis Markferding filed their motion on March 31, 2011 (doc. # 43). Plaintiffs filed responses to both motions. (Docs. # 37, 46.)

On August 9, 2011, this Court granted both motions to dismiss. ("Order," doc. # 54.) The remaining causes of action are Plaintiffs' breach of contract claim against Omni Group, and the counterclaims of Omni Group and Dennis Markferding. On September 6, 2011, Plaintiffs filed a Notice of Appeal of the Order (doc. # 71), and on September 19, 2011, Plaintiffs filed the instant motion. In this motion, Plaintiffs request this Court to "certify, pursuant to [Federal Civil Rule of Procedure] 54(b), its August 9, 2011 Memorandum Opinion and Order as final *nunc pro tunc*." (Motion, page 2.)

## II.    LAW AND ANALYSIS

Civil Rule 54(b) states as follows:

> **Judgment on Multiple Claims or Involving Multiple Parties.**
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"A Rule 54(b) certification recognizes the practical finality of a decision as to certain claims and permits such a decision to be appealed as a final judgment." *Good v. Ohio Edison Co.*, 104 F.3d

93, 95 (6th Cir. 1997). "The rule is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Id.* at 95 (quoting *Day v. NLO, Inc.*, 3 F.3d 153, 155 (6th Cir. 1993) (internal quotation marks omitted). In entering a Rule 54(b) certification, "a district court should explain the factors warranting certification." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988) (citing *Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.*, 807 F.2d 1279 (6th Cir. 1986); *Coalition For Equitable Minority Participation in Architectural Contracts in Tennessee v. Metropolitan Gov't of Nashville*, 786 F.2d 227 (6th Cir. 1986); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58 (6th Cir. 1986).

Factors which a district court should consider when making a Rule 54(b) determination include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering*, 807 F.2d at 1283. "Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)." *Id.*

Plaintiffs make no argument regarding any of the factors in their Motion for Certification. Instead, for the first time in their Reply, they offer only limited discussion. Regarding the first factor, they state that the "relationship" between the adjudicated and unadjudicated claims

3

"favors consolidation of them into one trial" without explaining why. (Reply, page 3.) In addition, Plaintiffs argue that the issue of "utmost importance to judicial economy" is a trial of all the Defendants and all of the claims. (*Id.*) "Without this Court [sic] granting an interlocutory appeal, a unified trial is not possible." (*Id.*) A "unified trial" is not necessarily in the interest of judicial economy, and if it is here, Plaintiffs fail to make any argument in support of that contention. Plaintiffs forward no other argument regarding the remaining factors.

In *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155 (6th Cir. 1988), the Sixth Circuit reviewed of a district court's 54(b) certification of its orders dismissing certain claims from a multi-defendant, multi-claim case. After chastising the court for its failure to carefully discuss the "54(b) factors" before certifying, the Sixth Circuit cautioned that "even where the district court properly supports its certification, Rule 54(b) should not be used routinely, but rather should be reserved for the infrequent harsh case, where certification serves the interests of justice and judicial administration." *Id.* at 1159 (internal citation and quotation marks omitted). The court observed that two of the plaintiff's counts were still pending before the district court and resolution of *those* counts could still be appealed. Therefore, reversing the district court's certification of its orders—and dismissing the appeal—had the effect of "preserving Knafel's action for later appeal as 'a unified package.'" *Id.* at 1160 (quoting *Corrosioning*, 807 F.2d at 1285 n. 5).

Here, Plaintiffs fail to distinguish their case as an "infrequent harsh case" where certification best serves "the interests of justice and judicial administration." This Court finds that Rule 54(b) certification is not warranted and that this matter is better "preserved" for a later appeal as a "unified package." As a result, Plaintiffs' motion is **DENIED.**

**III. CONCLUSION**

For the reasons discussed above, the Court hereby **DENIES** Plaintiffs' Motion for Certification. (Doc. # 74.)

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus  -  October 26, 2011**</u>
**UNITED STATES DISTRICT JUDGE**