**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRUCE KERNER, et al.,**

        **Plaintiffs,**

        **v.**

**ETI ENVIRONMENTAL, et al.,**

        **Defendants.**

**Case No. 2:09-cv-01092**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Omni Group, Inc.'s ("Omni") Motion for Summary Judgment. (Doc. # 67.) In response, Plaintiffs Bruce and Mindy Kerner filed a memorandum in opposition (doc. # 73), to which Omni filed a reply (doc. # 75). Omni's motion seeks judgment from this Court on Plaintiffs' remaining claim of breach of contract. For the following reasons, this Court **GRANTS** Defendant's motion.

**I.**     **Background**

This diversity action arises out of a dispute between Plaintiffs and Omni over the cleanup and storage of the Plaintiffs' personal property following a pesticide contamination caused by Terminex International. (First Am. Compl., doc. # 15-1, ¶ 9.) There is no dispute that Plaintiffs and Omni entered into a contract for the inventory, clean-up/disposal, and storage of Plaintiffs' personal property ("the Contract"). (See First Am. Compl., Exh. A., doc. # 15-3; Mot. for Summ. J., Exh. A, doc.# 67-1.) In addition to the Contract, Plaintiffs attached to the complaint a letter from Plaintiff Bruce Kerner to Dr. Robert Simon[1], and Plaintiffs claim that this letter forms an "addendum" to the Contract.

---

[1] Dr. Simon was a party to this action, but Plaintiffs' claims against him were dismissed by this Court's Order of August 9, 2011. (Doc. # 54.)

Under the Contract, Plaintiffs agreed to pay Omni $15,000 for the work outlined in the Contract. In addition, they agreed to pay $500 per month for storage of their property, after an initial two-month period. Plaintiffs paid the monthly storage fee through May of 2006, but there is no dispute that they have not paid any storage fees since that time. Omni is still in possession of Plaintiffs' personal property.

In their breach of contract claim, Plaintiffs allege as follows:

> [Omni] breach the terms of the written agreement when they failed to (1) "clean" each and every possible personal possession and/or property of Plaintiffs that could be cleaned; (2) maintain an accurate photographic inventory log of disposed items; (3) timely return Plaintiffs' cleaned personal possessions and/or property; (4) sold, for [Omni's] profit, Plaintiffs' personal possessions and/or property that was to be cleaned or disposed of; (5) failed to maintain disposal manifests for property disposed of in landfills[;] and (6) failed to obtain the consent of Plaintiffs for the disposal of specific valuable items of personal property, both monetary and sentimental, with the Plaintiffs prior to disposing same.

(First Am. Compl., ¶ 31.) In its Motion, Omni asserts that summary judgment is appropriate for two reasons: (1) Plaintiffs cannot establish a prima facie case for their breach of contract claim, and (2) Omni's further performance under the contract is excused. (Motion, page 3.) In support of its Motion, Omni offers the following Fed.R. Civ.P. 56 evidence: the Contract, deposition testimony of Dr. Robert Simon, Dennis Markferding, Mindy Kerner, Bruce Kerner, and the affidavit of Dennis Markferding. (Motion, Exhs. A, B, C, D, E, F, G, docs # 67-1 through 7.) In support of their memorandum in opposition, Plaintiffs offer the Contract, a letter from Plaintiff Bruce Kerner to Dr. Simon, a letter from David J. Young to Dr. Simon, a letter from Kendra S. Sherman to Dr. Simon, and two appraisals of the Plaintiffs' personal property. (Mem. In Opp., Exhs. A, B, C, D, E, F, docs. # 73-1 through 6.)

**II.     Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ.P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleading or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the non-moving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F.Supp.2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams,* 154 F.Supp.2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III.    Analysis**

In their First Amended Complaint, Plaintiffs state multiple claims for relief, but their breach-of-contract claim against Omni is the only one remaining after this Court's grant of two motions to dismiss filed by all defendants. (*See* Order, doc. # 54.) Plaintiffs allege that Omni failed to meet the terms of the Contract—a document indisputably an agreement between the parties for work to be performed for a sum certain—and the terms of an "addendum," which is a letter from Plaintiff Bruce Kerner to Dr. Robert Simon ("the Letter"). (Mem. In Opp., pages 2 – 4, Exh. B, also attached to First Amended Complaint as Exh. B.) Omni argues that the Letter is not an addendum, as the Letter fails to meet any of the essential elements of a valid contract. (Reply, pages 4 – 6.)

**A.     The Letter Does Not Form An Addendum To The Contract Under Ohio Law**

Under Ohio law, a party to a contract cannot unilaterally modify its terms, as parties to a contract must mutually consent to a modification. *Nagle Heating & Air Conditioning Co. v. Heskett*, 66 Ohio App.3d 547, 550, 585 N.E.2d 866 (4th Dist. Ct. App. 1990); *see also Hanly v. Riverside Methodist Hosp.*, 78 Ohio App.3d 73, 79, 603 N.E.2d 1126 (10th Dist. Ct. App. 1991) ("A party to an existing contract may modify that contract only with the assent of the other party to the contract."). In *Citizens Fed. Bank, F.S.B. v. Brickler*, the Second District Court of Appeal agreed with the proposition that "subsequent acts and agreements may modify the terms of a contract, and, unless otherwise specified, neither consideration nor a writing is necessary." 114 Ohio App.3d 401, 407, 683 N.E.2d 358 (1996). However, the court noted as follows:

> But where a written contract is thus either totally abandoned and annulled, or simply altered or modified in some of its terms, it is done, and *only can be done*, by a distinct and substantive contract between the parties, founded on some *valid* consideration.

*Id.* at 407 – 08 (internal citations and quotation marks omitted) (quoting *Thurston v. Ludwig*, 6 Ohio St. 1, 5 (1856) (emphasis *sic*).

Plaintiffs do not offer evidence to support their contention that Omni consented to a modification to the Contract. Nor do Plaintiffs offer evidence to show that the Letter was supported by consideration or—more fundamentally—that a letter written by Plaintiffs to Dr. Robert Simon forms a "distinct and substantive contract" between Plaintiffs and Omni. As a result, this Court finds that the Letter is neither a modification to the Contract nor any kind of contract between Plaintiffs and Omni. Therefore, the Court considers only the Contract with regard to Plaintiffs' breach-of-contract claim.

### B. Plaintiffs' Breach-Of-Contract Claim Fails As A Matter Of Law

To establish a breach of contract, a moving party must prove by a preponderance of the evidence that (1) a contract existed; (2) the non-breaching party fulfilled its contractual obligations; (3) the breaching party unlawfully failed to fulfill its contractual obligations; and (4) the non-breaching party suffered damages as a result of the breach. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 n.3 (6th Cir. 2007); *see also Hitachi Medical Sys. Am., Inc. v. Choe*, 2011 WL 4632033 (N.D. Ohio). "Generally, a material breach of contract will entitle a party to stop performance." *Marion Family YMCA v. Hensel*, 178 Ohio App.3d 140, 142, 897 N.E.2s 184 (Ohio App. 3d Dist. 2008). "A material breach of contract is a failure to do something that is so fundamental to a contract that the failure to perform defeats the essential purpose of the contract or makes it impossible for the other party to perform." *Id.* at 142 – 43 (internal quotation marks omitted).

Omni asserts that there is no genuine issue of material fact regarding their performance under the Contract and that its failure to return Plaintiffs' property—still presumably in Omni's storage facility—is excused by Plaintiffs' failure to pay the storage fees since June of 2006.

Under the Contract, Omni was required to remove, dispose, and temporarily store "Selected Kerner Family Furniture and Possessions" from their home. (*See* Exh. A, "the Contract," page 1.) The Contract further instructed Omni to work from an "Inventory list which provides for a final status for each Kerner item as either CLEAN [sic] or disposal." (*Id.*, page 2.) "Clean" items were to be "appropriately packaged for removal to the Omni storage truck" that then transported those items to Omni's Pennsylvania storage facility. (*Id.*, page 3.) The Contract explicitly states that "Omni Group will not guarantee or insure against breakage of any CLEAN items." (*Id.*, emphasis sic.) Items designated by the Inventory list for disposal were to be "maintained on an Omni photographic inventory list that will serve as the chain of custody list

6

for the dispos[al] of items." (*Id.*) Further, the Contract specifies that "[w]hen the disposal occurs at the landfill[,] Omni Group will have the landfill sign off that they have received all of the items listed on the inventory . . . that are marked for disposal." (*Id.*)

In support of its Motion and its contention that it fully performed under the Contract, Omni offers the deposition testimony of Dennis Markferding (Exh. 3), Plaintiff Mindy Kerner (Exhs. 4 and 5), Plaintiff Bruce Kerner (Exh. 6), and the affidavits of Dennis Markferding (Exh. 7 and Exh. 1 to Reply). According to the aggregate of the deposition testimony and affidavits, Omni appeared as expected under the Contract, removed Plaintiffs' personal property according to a list attached to the Contract, disposed of un-cleanable property at a dump, and (along with Dr. Simon) it cleaned and stored the remaining property at its facility in Pennsylvania. Plaintiffs paid the $500-per-month storage fee up until June 2006.

Plaintiffs argue that Defendant Omni breached the terms of the Contract, stating as follows that Omni:

> failed to (1) "clean" each and every possible personal possession and/or property of Plaintiffs that could be cleaned; (2) maintain an accurate photographic inventory log of disposed items; (3) timely return Plaintiffs' cleaned personal possessions and/or property; (4) failed to maintain disposal manifests for property disposed of in landfills and (5) failed to obtain the consent of Plaintiffs for the disposal of specific valuable items of personal property, both monetary and sentimental, with the Plaintiffs prior to disposing same.

(Mem. In. Opp., page 4.) Attached to their Memorandum in Opposition are the Contract, the Letter, a letter from David Young to Robert Simon (Exh. C), a letter from Kendra S. Sherman to Robert Simon (Exh. D), an appraisal of Plaintiffs' property prepared by Keith Orr (Exh. E), and an appraisal of Plaintiffs' property prepared by Mike Brandly (Exh. F).

7

The Contract itself is not in dispute, and this Court has already determined that the Letter is not relevant to the breach of contract claim. Defendant Omni argues that exhibits C, E, and F are not proper Fed.R.Civ.P. 56 evidence and therefore should not be considered by this Court. (Motion, pages 2 – 3.) Exhibit C is an unsworn letter from non-party David Young, and Exhibits E and F are neither verified, sworn, nor authenticated. (*Id.* at page 3.) The Court notes that Exhibit D is also an unsworn letter from Kendra Williams to Robert Simon.

This Court finds that Exhibits C, D, E, and F are insufficient to raise a triable issue of fact, because the non-moving party is required to "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Trustees of Painters Union Deposit Fund v. Ybarra Const. Co.*, 113 Fed. Appx. 664, 668 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)) (additional citation omitted). Exhibits C and D are unsworn letters and, as such, cannot be considered in ruling on a summary judgment motion. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363 (6th Cir. 2001) (noting that the properly disregarded letter "was not given under the penalty of perjury, certified as true and correct, dated and signed" pursuant to 28 U.S.C. § 1746). Exhibits E and F are unsworn expert reports, and they, too, may not be considered on a motion for summary judgment. *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006); *see also Vance v. Wade*, 546 F.3d 774, 779 – 80 (6th Cir. 2008).

Because all of the exhibits to their memorandum must be disregarded (except for Exhibit A, "the Contract"), Plaintiffs offer no evidence in support of their claims that Omni failed to clean their property. Even if their exhibits *were* considered, none creates a triable issue of fact. The so-called expert reports merely provide information regarding the value of the property; they do not speak to the issue of whether Omni performed under the Contract. The letters from

Plaintiffs' former counsel to Dr. Simon only suggest potential settlement or arrangements for the payment of the storage fees.

Plaintiffs also argue against summary judgment, pointing to the deposition testimony of Dennis Markferding offered by Omni in support of its motion. Plaintiffs claim that it is "nothing more than self-serving and attempts to avoid liability in this case." (Mem. In Opp., page 4.) "It must be noted," Plaintiffs continue, "that Dennis Markferding was forgetful, evasive, and dishonest throughout his deposition." (*Id.*) Plaintiffs offer only a general reference to the deposition, insisting that this testimony "must be disregarded." (*Id.*) Deposition testimony is proper evidence to support an assertion in a motion for summary judgment. *See* Fed.R. Civ.P. 56(c)(1)(A). If Mr. Markferding's deposition contained testimony contrary to that offered by Defendant Omni, it was incumbent upon Plaintiffs to support that contention with the proper reference to page numbers, preferably with attachment of those pages to the memorandum in opposition. It is not the province of the Court to make credibility determinations at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court must view inferences to be drawn from the underlying facts in favor of the non-moving party, in this case the Plaintiffs. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Here, Plaintiffs point to no facts within the Markferding deposition from which any favorable inferences can be drawn.

In sum, Plaintiffs' claims of Omni's breach are only "supported" by the same contentions as stated in their First Amended Complaint.[2] In other words, Plaintiffs merely rest on their pleading and fail to present evidentiary material in support of their position. This is insufficient

---

[2] Because Plaintiffs' claim that Omni "failed to obtain the consent of Plaintiffs for the disposal of specific valuable items" does not arise out of the Contract, this Court does not consider it in this Opinion.

9

to create a genuine issue of material fact. *See Celotex*, 477 U.S. at 324; *Matsushita*, 475 U.S. at 586 (finding that it is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts").

Omni offers additional argument in support of its Motion—namely that Plaintiffs failed to fully perform—but this Court declines to review that argument. To get passed summary judgment, Plaintiffs must establish a triable issue of fact regarding *each* element of a breach-of-contract claim. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 n.3 (6th Cir. 2007). Without establishing Omni's breach, Plaintiffs cannot prevail. For that reason, this Court **GRANTS** Defendant Omni Group, Inc.'s Motion for Summary Judgment.

## IV.     Conclusion

For the reasons discussed above, the Court hereby **GRANTS** Defendant Omni Group, Inc.'s Motion for Summary Judgment. (Dkt. 67.)

**IT IS SO ORDERED.**


> **/s/ Peter C. Economus  -  November 9, 2011**
> **UNITED STATES DISTRICT JUDGE**