**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRUCE KERNER, et al.,**

   **Plaintiffs,**

**v.**

**ETI ENVIRONMENTAL LAB, et al.,**

   **Defendants.**

**Case No. 2:09-CV-1092**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of Defendants ETI Environmental Laboratory, AAA Simon Holding, LLC, and Robert K. Simon's Motion for Sanctions Under Fed.R. Civ.P. 11. (Doc. # 52.) Plaintiffs Bruce and Mindy Kerner filed a Memorandum in Opposition (doc. # 70) to which Defendants filed a Reply (doc. # 72). For the following reasons, this Court **DENIES** Defendants' motion.

**I.**  **Background**

Plaintiffs Bruce and Mindy Kerner filed this action in Franklin County, Ohio Common Pleas Court on September 9, 2009, and Defendants filed a Notice of Removal on November 30, 2009. (Doc. # 1.) Simultaneous with their Notice, Defendants filed a Motion to Dismiss, seeking dismissal of all of Plaintiffs claims against them. (Doc. # 5, filed November 30, 2009.) On December 23, 2009, Plaintiffs voluntarily dismissed without prejudice their claims against Defendants, although claims against Defendants Omni Group, Inc. and Dennis Markferding remained. (Doc. # 7.) With leave of court, Plaintiffs filed an Amended Complaint on December 29, 2010, in which they renewed claims against Defendants. (Doc. # 22.) In their Amended Complaint, Plaintiffs alleged claims of breach of contract, breach of implied-in-fact contract, promissory estoppels, conversion, replevin, fraud, intentional infliction of emotional distress, and

negligent infliction of emotional distress.[1] These claims were alleged to arise out of all of the defendants' work to evaluate, remove, clean, and dispose of Plaintiffs' personal property, which was contaminated as the result of a non-party's alleged negligence.

On February 24, 2011, Defendants filed a Motion to Dismiss for Failure to State a Claim, seeking dismissal of all of Plaintiffs' claims against them. (Doc. # 34.) After several extensions of time, briefing was complete, and, on August 9, 2011, this Court granted Defendants' motion.[2] (Doc. # 55.)

Defendants request an award of sanctions against Plaintiffs and their counsel, Golden & Meizlish Co., LPA, in the form of attorneys' fees and costs that were incurred as a result of defending all of the claims Plaintiffs filed against them. (Motion, page 2.) Defendants move under Rule 11 of the Federal Rules of Civil Procedure.

## II.  **Standard of Review**

Rule 11 provides in relevant part as follows:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] Plaintiffs voluntarily dismissed their claim for negligent infliction of emotional distress.

[2] Plaintiffs also brought claims against Defendants Omni Group, Inc. and Dennis Markferding (collectively, "Omni.") This Court granted Omni's Motion to Dismiss in the same Order (doc. # 55), but one claim remained. That claim was dismissed by the Court's grant of Omni's Motion for Summary Judgment on November 9, 2011 (doc. # 83).

2

> (2) the claims, defenses, and other legal contentions are warranted
> by existing law or by a nonfrivolous argument for extending,
> modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if
> specifically so identified, will likely have evidentiary support after
> a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence
> or, if specifically so identified, are reasonably based on a belief or
> a lack of information.

Fed.R.Civ.P. 11(b). The rule also provides that:

> [i]f, after notice and a reasonable opportunity to respond, the court
> determines that Rule 11(b) has been violated, the court may
> impose an appropriate sanction on any attorney, law firm, or party
> that violated the rule or is responsible for the violation. Absent
> exceptional circumstances, a law firm must be held jointly
> responsible for a violation committed by its partner, associate, or
> employee.

Fed.R.Civ.P. 11(c)(1).

## III.     Analysis

On July 12, 2011, counsel for Defendants sent a draft of the Motion for Sanctions to counsel for Plaintiffs, providing Plaintiffs with notice within Rule 11's 21-day safe harbor for Plaintiffs to voluntarily withdraw their claims. (Motion, page 1, n.1.) Defendants contend that "Plaintiffs and their counsel have so twisted the facts in bringing their claims against . . . Defendants that the case can be nothing more than harassing and frivolous, worthy of Fed. R. Civ. P. 11 sanctions." (*Id.*, pages 1 – 2.) Defendants note that Plaintiffs' delayed "almost five years before bringing specious, vague, and time[-]barred claims" against them, and they state further that after discovery was complete "the evidence now conclusively demonstrates" that Plaintiffs' claims were frivolous. The sum of Defendants' argument is that Plaintiffs (or their counsel) knew or should have known that Defendant Robert Simon was never in a partnership

3

with Defendants Omni Group or Dennis Markferding and, therefore, no breach-of-contract action—or attendant breach of implied contract and promissory estoppels claims—could ever be brought against Simon or his companies AAA Simon Holding, LLC or ETI Environmental Laboratory.  Similarly, Defendants argue that since Dr. Simon was never in partnership with Omni, Plaintiffs' claims of conversion, replevin, fraud, and intentional infliction of emotional distress could only have been brought against Defendants for the purpose of harassment.

In its Memorandum and Order granting Defendants' Motion to Dismiss, this Court did not find that Plaintiffs' breach of implied contract and promissory estoppels claims lacked any basis in law or that they were void of evidentiary support.  Rather, this Court reviewed the parties' competing arguments on when Plaintiffs' claims began to accrue, and, ultimately, it found that Plaintiffs' claims were time-barred.  (Doc. # 54, Order, page 5.)

The Court also found that Plaintiffs' claims of conversion, replevin, fraud, and intentional infliction of emotional distress were subject to a four-year statute of limitations and, therefore, were time-barred.  (*Id.* at page 6.)  Finally, with regard to Plaintiffs' breach-of-contract claim against Defendants, this Court was required to determine whether the contract between Omni and Plaintiffs could be construed to create an obligation on the part of Defendants.  This Court found that because Section III of the contract referenced Defendant Simon only in terms of "clearance tests" he was to perform, "it is clear from a full reading of the contract that the clearance test arrangement was meant to constitute a transaction separate from the [contract]."  (*Id.*, page 8.)  Although the Court noted that Plaintiffs' contention that Defendants were acting as "agents" was unsupported by a sufficient factual basis in the Amended Complaint, this is the precise test for which Rule 12(b)(6) is designed.  Success under Rule 12(b)(6) does not equate to success under

4

Rule 11. In addition, there is no evidence before the Court that tends to show that Plaintiffs or their counsel acted with improper purpose.

Accordingly, the Court **DENIES** Defendants' Motion for Sanctions.

## IV. <u>Conclusion</u>

For the reasons discussed above, the Court hereby **DENIES** Defendants ETI Environmental Laboratory, AAA Simon Holding, LLC, and Robert K. Simon's Motion for Sanctions. (Doc. # 52.)

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus  -  November 14, 2011**</u>
**UNITED STATES DISTRICT JUDGE**